10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael SALDARRIAGA, Petitioner-Appellant,
v.
WARDEN, U.S. PENITENTIARY, Leavenworth, KS., Respondent-Appellee.
 No. 93-3163.
 United States Court of Appeals, Tenth Circuit.
 Nov. 19, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael Saldarriaga, an inmate of the United States Penitentiary at Leavenworth, Kansas, appearing pro se, appeals the district court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241.
 
 Facts
 
 3
 On December 3, 1983, petitioner Saldarriaga was an inmate incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania. Following a boxing exhibition that day, petitioner was observed by prison officers and some 150 to 200 other inmates fighting with inmate John Thomas. Petitioner was seen holding a homemade knife in his hand and inmate Thomas was holding his coat as a shield. When officers separated the inmates, they observed that Thomas had been cut and he was taken to the facility hospital for treatment. Thereafter, both petitioner and Thomas were placed in administrative segregation.
 
 
 4
 Following an internal investigation, petitioner was charged with assault and possession of a sharpened instrument. Thomas was charged with fighting. The Unit Discipline Committee referred the matter to the Institution Discipline Committee (IDC) which conducted a hearing on December 9, 1983.
 
 
 5
 The district court found, and we agree, that at the hearing petitioner was represented by a staff member fluent in Spanish. The petitioner did not request witnesses. Both the petitioner and his staff representative made statements. The IDC found the petitioner guilty and sanctioned him to 45 days of disciplinary segregation and loss of 45 days of statutory good time. Petitioner did not pursue an administrative appeal from the IDC decision.
 
 Disposition
 
 6
 On appeal, petitioner argues that (1) an inmate facing disciplinary charges must have an opportunity to marshal facts and prepare a defense, (2) the prison officials violated his right to due process by finding him guilty of the charges without allowing him to call witnesses at his disciplinary hearing, (3) the disciplinary hearing was retaliatory in nature, and (4) the disciplinary proceedings were in violation of petitioner's due process rights, entitling him to restoration of his good time credits.
 
 
 7
 We grant petitioner's motion to proceed in forma pauperis and in order to reach the merits, we also grant petitioner a certificate of probable cause.
 
 
 8
 We agree with the district court's finding that the record in this case does not suggest that petitioner requested any witnesses at the hearings or that petitioner ever identified any specific witness or witnesses whose testimony would be favorable to his self-defense claim. The record does show, however, that petitioner's staff representative did in fact present this defense to the IDC. We agree with the district court's conclusion that petitioner was not denied his right of due process. When reviewing prison disciplinary proceedings for due process violations, we must simply determine whether there is "some evidence" in support of the action taken. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).
 
 
 9
 We affirm for substantially the reasons set forth in the district court's Memorandum and Order of May 11, 1993.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3